IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALICE TURNER,
    Plaintiff,

vs.                                                             Case No.: 5:07cv9/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court upon a "Petition for Attorney Fees" under the Equal Access to Justice Act (EAJA), filed by Brian A. Dusseault, Plaintiff's counsel (hereafter "Petitioner") (Doc. 20). Petitioner seeks an award of fees in the amount of $4,026.68 based upon 23.9 hours of work at an hourly rate of $161.85 for work performed on Plaintiff's behalf in 2006, and at an hourly rate of $168.68 for work performed on Plaintiff's behalf in 2007 and 2008 (*id.* at 1–2). Petitioner specifically seeks payment in the amount of $585.61 for work he performed on Plaintiff's behalf, and $3,441.07 for work performed by attorney Sarah H. Bohr (*id.* at 1). Defendant has responded to the petition and argues that he does not oppose an award of EAJA fees, but Defendant states that only $585.61 should be awarded to Petitioner, based on the amount of work he performed on Plaintiff's behalf, and the balance ($3,441.07) should be awarded directly to Plaintiff (Doc. 24).

        The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security Plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of section 405(g) (*see* Docs. 15, 17).  Moreover, the application for fees was timely filed, the Commissioner's position was not substantially justified, and Defendant does not disagree that fees should be paid in this case.  Accordingly, Plaintiff is entitled to fees.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner seeks compensation for .7 hours expended in 2006 at the rate of $161.85 per hour ($113.30), and for 23.2 hours expended in 2007 and 2008 at the rate of $168.68 per hour ($3913.38), in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court.  Defendant has represented to the court that he does not contest attorney fees totaling $4,026.68, based upon these hourly rates (*see* Doc. 24), and this court concludes that the amounts claimed, which are greater that $125.00 per hour, are nevertheless reasonable.  Similar rates have been approved in numerous other cases in this District (*see, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005)).  Further, the court concludes that the time expended by Petitioner and attorney Sarah H. Bohr is reasonable.  Thus, a total award of $4,026.68 is appropriate.

The remaining question is who is entitled to the award.  Petitioner seeks the total amount, but the Commissioner contends that he is entitled to only a portion of that amount, and the balance is owed to Plaintiff.  Initially, the court notes a recent decision of the Eleventh Circuit, Reeves v. Astrue, -- F.3d --, 2008 WL 1930587, at *6 (11th Cir. May 5, 2008), clarifying that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney.  Thus, the numerous District Court cases cited by Petitioner, in support of his

argument that the entire fee should be awarded to him instead of Plaintiff (*see* Doc. 20, Memorandum in Support at 6 (citing Hagman v. Astrue, Case No. 5:06-cv-198-Oc-GRJ (M.D. Fla. EAJA Order Dec. 17, 2007); Hines v. Astrue, Case No. 3:05-cv-2416-KOB (N.D. Ala. EAJA Order Dec. 11, 2007); Whatley v. Astrue, Case No. 2:07-cv-117-UWC (N.D. Ala. EAJA Order Nov. 2, 2007); Smith v. Astrue, Case No. 3:06- cv-2052-IPJ (N.D. Ala. EAJA Order Oct. 10, 2007)), have effectively been overruled.[1]  Thus, pursuant to Reeves, the award in this case should be paid directly to Plaintiff and not Petitioner.  Plaintiff and Petitioner, however, agreed to an "Assignment of Equal Access to Justice Act Fees," in which Plaintiff agreed that any fees awarded under the EAJA would be paid to Petitioner (*see* Doc. 20, Attach.).  The agreement specifically states, in pertinent part, that "If a court awards me fees under the [EAJA], I assign them to you [Petitioner, Brian A. Dusseault], agree they can be paid directly to you, and authorize you to endorse my name on checks paying them." (*id.*).  The agreement is signed by Petitioner and Plaintiff (*id.*).

The Commissioner acknowledges that Plaintiff made a valid assignment of EAJA fees to Brian A. Dusseault, and the Commissioner does not object to direct payment to Brian A. Dusseault of the fees he earned (i.e., $585.61), in accordance with the terms of the assignment (Doc. 24 at2). Because Sarah H. Bohr was not a party to the fee agreement, however, "the Commissioner objects to direct payment to her of the fees she earned" (i.e., $3,441.07), and asserts that the fees she earned should be payed directly to Plaintiff (*id.* at 2–3).

The agreement between Plaintiff and Petitioner does not specify that only fees earned by Petitioner will be assigned to Petitioner; rather, the agreement states that if a court awards EAJA fees, Plaintiff agrees to assign the fees to Petitioner.  In other words, it matters not who earned the fees, as long as they were earned and awarded under the EAJA.  Plaintiff, as the "prevailing party," was within her rights to assign fees to Petitioner that she would have otherwise been entitled to under the EAJA, regardless of whether the fees were earned by Petitioner or another attorney assisting him.

Accordingly, it respectfully **RECOMMENDED** that:

1. Plaintiff's Petition for Attorney Fees (Doc. 20) be **GRANTED** as set forth below:

> Brian A. Dusseault  is entitled to recover fees in the amount of $4,026.68 for work performed on Plaintiff's behalf in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees requested under the

---

[1] The court notes that Petitioner filed his motion for EAJA fees on May 1, 2008, four days before the Reeves decision, and therefore did not have the benefit of the Eleventh Circuit's ruling on this issue.

Case No.: 5:07cv9/RS/EMT

EAJA is reasonable; and the Commissioner is directed to pay Brian A. Dusseault that amount.

At Pensacola, Florida, this 13th day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**